### BEACH v. ROYCE.

*A mortgagor remaining in possession, is to be considered as holding under and not against the mortgagee — especially where the mortgagee has a bond for the debt and interest.*

ACTION of ejectment for certain lands. Plea no wrong, etc. Issue to the court.

The title of the plaintiff was a deed from the defendant of the demanded premises, dated the        day of        A. D. 1765.

The defendant produced a bond from the plaintiff of the same date, with a condition thereto annexed, that upon the defendant's paying to the plaintiff a certain note for the sum of £480 lawful money, with the interest, within three years from the date; he would reconvey said lands to the defendant; and that he had ever remained in possession of said lands, taking the whole profits to himself without account, and relied upon his long possession to bar the plaintiff of recovering.

Judgment — That the defendant has done wrong, etc. and for the plaintiff to recover.

By the Court. There having been no actual ouster of the plaintiff by the entry of the defendant, and the defendants remaining in possession and taking the profits under the circumstances of this case, is to be considered as holding not against, but under the plaintiff, as tenant at will; especially as the defendant by his note had secured the annual interest of the debt, which is in lieu of the annual rents, for which he is now liable. Besides, by his accepting said bond and condition from the plaintiff he is estopped from claiming said land without paying said note.